OPINION Off THE CoüRT.
Daniel M’llvoy, John Rochester and Ephraim McDowell, filed their bill in the court below, which they term a supplemental bill, and bill of revivor, stating that they, with a certain John Warren, had formerly filed their bill in chancery against John Dunlap and Jame G. Hunter, claiming the conveyance from said Dunlap, of a lot in the town of Danville, asserting their title to a conveyance by virtue of a contract with Hunter who had purchased by contract from Dunlap; that Hunter had conveyed to them, hut held no conveyance from Dunlap. That having discovered that Hunter had no conveyance, and .being able to establish his purchase from Dunlap, they fjled that bill for the purpose *270 of obtaining it, and that they progressed with the suit regularly to trial, until, at the J une term 1810, they obtained a final decree directing a conveyance, which was sometime afterwards made to them by commissioners appointed under the decree; but that they have discovered that Dunlap had departed this life, after the rendition of the decree and before the deed was made by the commissioners. They then name the heirs and devisees of Dunlap, who are his children, and state that some of them had sold their interest in the lot to Samuel Blight, who had married one of the heiresses, and of course was heir in right of his wife, and that one. of them had sold his interest to a certain Isaac Reed, who does not appear to have been connected with the family. They then make all the heirs of Dunlap, with the husbands of the females, as well as Reed defendants, and pray that the ancient decree may be revived against them, and a conveyance directed in consequence thereof. Against all these defendants, publication was made as non-residents, and after the cause had remained a due length of time, a decree was rendered reviving the former decree against Dunlap’s heirs, and directing all the defendants to convey, and a commissioner appointed by the court, executed the conveyance.
At a term subsequent to the rendition of this last decree, counsel appeared and presented an answer, .purporting to be the answer of all the heirs of Dunlap, and also of Reed, but in fact sworn to by' none of them except Blight, and moved the court to open said decree and for leave to file said answer to the bill and enter their appearance, and at the same time produced a petition, stating that the complainants were citizens of Kentucky, and the defendants were citizens of Pennsylvania, except one, who was a citizen of Rhode Island, and praying that the cause might be removed to the Circuit Court of the United States for the district of Kentucky. They proved the value of the lot in contest to be above the value'of five hundred dollars, and tendered such security for the removal, and entry of the suit in the United States Circuit Court, as was admitted to he good. The court below overruled all these applications, and the defendants excepted and have now brought the cause to tips court by writ of error, and have assigned en ors, as well in the decree, rendered *271 ■at a former term, as in the decision of the court in overruling the aforesáid application.
^yllerea oreo has been obtained Conean" order of pub-hcaüoii-, such to bo 0 ed ór set aside on (ho de-¿‘Vs ¶~ swers, &c.; nor is. it to be se¡í as“je at from the de-fence made theNs-tice of the case requires that it should he.
*271 As to the decree itself, we perceive no grounds of complaint. It is barely a revivor of the fcpmer decree or rather effectuating it; the publication was regular, and no reason appears why the old decree should not have been revived and enforced!
As the writ of error embraces the subsequent proceedings, we shall now proceed to examine them. It is contended that the court erred; first, in not permitting the answer to be filed, and lastly in not permitting the cause to be removed. If the opinion of the court on the first of these points,be against the plaintiff in error, it will be wholly unnecessary to consider the second; for there was at the time no suit pending. The pro-cedings therein had been closed at a previous term, and it was only by action under the provisions of the act of assembly, which permits an appearance and filing of an answer, in case of absent defendants, that the controversy could be brought again within the power of the court. Then and not before, could the plaintiffs in error have applied for the removal of the suit to the court of the United States. Before, however, determining cither of these points, we will notice another question which was made in the court below, the decision of which is complained of. The motion not only extended to leave to file the answer, but also to setting aside, or as it is expressed in the motion, to open the decree.
1. The act of Assembly’under which the application was made, provides that “ such absent defendant or defendants, may at any time, within seven years, be permitted to file his, her or their answer, and to shew cause why the said decree should be set aside; upon which the courts may make such decree as shall appear to be equitable.”
This provision by no means compels or even requires the court on the filing of an answer,' to set the decree aside. Indeed, generally, this ought not to be done. The rights of the parties ought to rémain as settled by the decree, except that the decree ought not to prejudice the defendant on the final hearing, when, and not he-fore, the court may set the decree aside or give such re-uress against its consequences as may be equitable, if the defendant shall be able to shew that the decree was unjust. But if then it shall appear, that the *272 decree was just and equitable, and that it would have been the same had the whole defence been heard at the first hearing, neither the reason' of the case, nor the fair construction of the act requires, that the first decree should even then be disturbed. On this principle this court acted in the case Bradford vs Duly, 1st Marshl. 220. So far then the court below did right in not granting that part of the motion which required the decree to be opened. It is, however, clear, that an answer may be filed under the act, and when this is done, there would be upending controversy, which might be the subject of removal to the United States’ Circuit Court.
Where a decree is obtained against several asjoint defendants, an answer sworn to by one only of the defendants, ought not to be received.
2. But to return to the question, whether the court, 'erred in refusing permission to file the answer in this instance ¶ The claim to revive the decree against the heirs ofDunlap, wasajoint one, and as such it must be prosecuted. The answer tendered, was sworn to by one only. As to him alone, then, would it be considered as an answer, although the others arc named therein, and it purports to be their answer also. As to Reed it appeared to be sworn to by an agent; and although an agent may in some cases, answer for his principal, yet proof of his agency must be necessary in all cases, before he can do so, and in this case there was no such proof. Ought the court then, to permit one of several joint defendants to file such answer, without joining all, when all were necessarilyjoint parties? We conceive not. The act in question by ‘ defendant or defendants’ must mean the whole party, and not a part only. Otherwise, one might come after another, presenting their answers, and produce as many several controversies of a joint right, as there were heirs. And when the controversies should be over, so many distinct decrees might be, affirming the old decree as to some, because they did not prove enough to defeat it, and destroying its effects as to others, who, by using greater diligence or address, might succeed in shewing it to be improper. Such an absurdity with regard to heirs, the whole of whom, as they represent their ancestor, are to be considered as one person, cannot be allowed, and there is no way of preventing it, but by requiring -the answer af all, before the controversy is resuscitated. There may be cases of. decrees against more absent defendants than one, where their interest is so distinct, *273 ‘<bat they may answer severally, and at-different tim<es, and thus form an exce^tioñ to fhi&rule. But certainly this case cannot be óífe, anff/fhe court below, even on this ground, could not hdve erred in refusing to permit the answer offered to be filed.
Where,a cleu C1'ee has been ^vrstab-¡¡¿nt defendants, and the aftOTwardsnt' fije another bill, with-a. ' ®;ar’ formerdecree into effect on 'answer, that gao» which the dé-cree in the ^^fo^ed - jéljjadmissi- ’ ble.
There is also another objectionto this answer,.',no less tenable than the former.
3. Tiie ancient decree, and the preceding record thereof, in 1810, is not now before the cbiíi't. The bill of revivor, on which the decree in this cause is foUn-> ded, alleges, that the proceedings were regular in that cause until the decree was rendered, and such we must lake them to be, till the Contrary is shewn. It was to revive this decree, and to have the benefit thereof against Reed, a subsequent alienee, this* 'bill was filed, The day was passed for questioning that decree. And' it is a general rule in such 'cases, that on, a bpl/tp revive, or evento enforce a former decree, the law "and right of ttíliSíst decree cannot be questioned. Mitford’s FteHtamVs. 80. »7. ..
In this case, as well as others similarly situated, whrrc the answer was, or is offered, we cannot view it as improper in the court below, to look into the-answer, and see whether it present-; a proper defence before the controversy is renewed,-md the whole decree disturbed. It cannot be proper for acourtlm such case to admit every kind of paper, styled an answer, when all its contents, if true, cannot Jiid the party filing it. At all events he can have no ground of complaint if such an answer is rejected. Tested by this rule, the plaintiffs in error are entitled to no redress. For the whole of the answer presented, only set up grounds of defence against the íirsí original bill, on which a decree was rendered in 1810, to wit; denying any sale of the lot from Dunlap the decedent, to Hunter, or any payment of the price of the lot by Hunter, and contending that if there was a sale, it was by parra, and that it was ill- - valid under tiv- act of assembly to prevent frauds and perjuries. This was matter which was only calculate resist the demands of the first hill, ,but could npt be availing against a decree reviving, the formerdecree, when that former decree was incontéstible, except by bill of revivor, or the powers'of a revising court. The court below then did no injury to the plaintiffs in error *274 by-rejecting an answer, which, if admitted, could render them no service.
As that court did right in rejecting this answer,there was no suit pending, in which the plaintiffs in error could appear, and pray its removal to the circuit court of the United States under the act of Congress in that case provided, and this entirely relieves us from considering the merits of their petition to that effect, and whether they did or did not in other respects bring themselves within that act.
The decree and proceedings of the court below, must therefore be affirmed with costs.