Judge Underwood
delivered the Opinion of the Court.
Bentley obtained a decree against the heirs of Davis, by taking the bill for confessed, upon an order of publication.
After the decree, which was rendered in May, 1831, had been executed by the sale of a tract of land, and report made to court, Thomas Davis, one of the heirs, and Elizabeth Davis, the widow of the deceased, who claimed as assignees the amount of two judgments which were perpetually enjoined, petitioned the court to open the decree, and to permit them to file their answers. Upon consideration the court made the following order: — “It is ordered, that .the decree be and the same is hereby opened;” and thereupon the said Thomas Davis and Elizabeth Davis, by leave of court, filed their joint answer in the nature of across bill, against the complainant and the heirs of James Davis, deceased.
.The litigation growing out of the answer and cross bill, thus filed, is still pending and undetermined.
Davis’ heirs, who are numerous, have, notwithstanding the above order, sued out a writ of error, and ask for a reversal of the decree against them. It is now contended, that there is no subsisting decree against them ; that there is nothing to reverse, and consequently, that the writ of error should be quashed. We cannot allow the argument to prevail. The order, letting in the answer and cross bill, does not purport to set -aside the decree; and even if it did, being made at a subsequent term, it could not have that effect. The decree could only be regularly set aside, by sentence of the court, after the parties had been fully heard upon *248 the mutter brought forward in the answers. Dunlap’s heirs &c. vs. McIlvoy &c. 3 Litt. 271. We, therefore, look uPon decree as still subsisting.
We are furthermore of opinion, that the decree, as rendered, operates upon the heirs of Davis in their joint or coparcenary character, and that it was not competent for one of the heirs, by filing a separate answer, to open the decree, so as to prevent the prosecution of a writ of error by the whole jointly. Thomas Davis, who has answered, does not appear to have such a separate and entire interest in the subject of controversy, as will bring him within the exception mentioned in Bleight &c. vs. McIlvoy &c. 4 Mon. 145.
We shall proceed to look into the merits of the decree. The slightest glance is enough to shew its impropriety. Without commenting on its errors, it is sufficient to sav,that it must be reversed, because it decrees in personam against the heirs, large sums of money, without respect to the assets descended, or their value, arid when there is nothing to shew the value and extent of assets descended. It was error to proceed against the heirs, without making the personal representative a party. The decree is reversed, with costs, and cause remanded for proceedings not inconsistent herewith.